UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADAM FLANDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:12-cv-00277-JAW |
| | ) | 2:12-cv-00278-JAW |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On September 14, 2012, Adam Flanders filed two petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of certain convictions obtained by the state of Maine. *Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus* (ECF No. 1 in both cases). On March 26, 2013, the Magistrate Judge recommended that the Court deny relief under 28 U.S.C. § 2254 and dismiss the petitions. *Recommended Decision on 28 U.S.C. § 2254 Petitions* (ECF No. 13 in Case No. 2:12-cv-00277-JAW and ECF No. 10 in Case No. 2:12-cv-00278-JAW) (*Recommended Decision*). The Petitioner objected to the Recommended Decision on April 11, 2013. *Objection to Recommended Decision Re: Petition Under 28 U.S.C. 2254 for a Writ of Habeas Corpus* (ECF No. 14 in Case No. 2:12-cv-00277-JAW and ECF No. 11 in Case No. 2:12-cv-00278-JAW) (*Pet'r's Obj.*). Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see Gioiosa v. United States*, 684 F.2d 176, 178 (1st Cir. 1982).

Mr. Flanders' first objection is to the Magistrate Judge's analysis of what he calls "critical" information contained in taped statements and written reports. *Pet'r's Obj.* at 1-2. This information consists of statements by the victims of Mr. Flanders' aggravated assault that Mr. Flanders maintains might have supported a claim of self-defense. Mr. Flanders asserts that "Trial Counsel clearly conceded he would not have accepted the plea agreement had he been aware of the evidence" and that "either there would have been a far more favorable plea agreement or else Petitioner would have proceeded to trial." *Id.*

The Magistrate Judge found that this assertion was "not an accurate characterization of counsel's testimony in the post-conviction hearing" and noted that "counsel was simply responding to questions that were limited in scope." *Recommended Decision* at 17. At his post-conviction hearing in Maine Superior Court, Mr. Flanders' trial counsel testified as follows:

> Q . . . were you aware that Mr. Joshua Lowell had stated that the entire incident involving Mr. Flanders was a set-up?
>
> A At that time, no. I have become aware of that. Apparently, it's on the tape that I never heard.
>
> Q And had you been aware that it was a set-up, would you have recommended or gone through with the deal that you went through with?
>
> A It certainly would have given me more leverage to either get a better deal or possibly—you know, if we had had a trial, it would have strengthened our case, undoubtedly.

*State Court Record* § D.3, Vol. I at 44:7-18.

The Court agrees with the Magistrate Judge that the second quoted question contains an unjustified assumption. The question presupposes not only that Mr. Lowell stated that the episode was a set-up, but also that his statement that it was a set-up was true. Obviously, if the victims of the crime set up the crime itself, this would change the defense. In fact, the Superior Court's opinion reveals that the hypothetical lacks a sound evidentiary basis. The Superior Court explained that although Joshua Lowell initially stated to the investigator that he "wanted Flanders to come to the Lowell residence as a set up," later in the interview, "Joshua essentially acknowledged that he did not lure Flanders to the house but rather that it was Flanders' idea and that Joshua acceded to it." *State Court Record* § D.4, at 7. The Superior Court found, in addition, that the information in the recordings that trial counsel had not heard "would not add to the basis [for a claim of self-defense] that [trial counsel] already knew through [the investigator's] narrative report," and concluded that "regardless of the legal significance that such a planned 'set up' would have, it became irrelevant to the case because there is no evidence that Christopher Lowell was part of any such scheme." *Id.* at 8. The Superior Court also found that it was extremely unlikely that a claim of self-defense would have been available to Mr. Flanders under Maine law. *State Court Record* § D.4 at 6-7. The Superior Court's factual determinations are entitled to a presumption of correctness, and Mr. Flanders has not made a case for rebutting that presumption.[1] 28 U.S.C. § 2254(e)(1).

---

[1]  Mr. Flanders has not put the recording in the record or otherwise provided any basis for questioning the Superior Court's factual determinations regarding the evidence of a "set-up."

In addition, Mr. Flanders overstates exactly what the defense lawyer conceded. Mr. Flanders asserts that the trial counsel "clearly conceded he would not have accepted the plea agreement had he been aware of the evidence in the recordings and the reports relating to the assertions of a 'set-up,' as well as other facts supporting self-defense." *Pet'r's Obj.* at 1. In fact, trial counsel acknowledged only that this information would have "given me more leverage to either get a better deal or . . . if we had had a trial, it would have strengthened our case, definitely." *State Court Record* § D.3, Vol. I at 44:12-18. It is one thing for a defense lawyer to say that he would have had more leverage in negotiating a plea agreement; it is another to say that he would not have accepted the plea agreement. The Court overrules the objection.

Second, Mr. Flanders objects to the Magistrate Judge's statements that Mr. Flanders had "admitted to sexual intercourse with the victim in the Sexual Abuse of a Minor case, and that he claimed he did not believe he engaged in a sexual act because it was he who was penetrated." *Pet'r's Obj.* at 2. Mr. Flanders argues that "[i]n fact, Petitioner testified that he had been raped, a claim that was repeated in his Petition for Protection From Abuse, an attachment filed in this case, a claim that was not denied by the victim." *Id.* Mr. Flanders does not explain how this factual dispute relates to any supposed constitutional violation. The Superior Court wrote that "Flanders told [trial counsel] that he had had sexual intercourse with the named victim," that the criminal charge was "indefensible," and that Mr. Flanders'

4

view that "because he was the penetrated person, he did not engage in a 'sexual act' . . . is wrong." *State Court Record* § D.4 at 17. The Court overrules the objection.

Third, Mr. Flanders claims that whereas the Magistrate Judge found that "the State post-conviction Judge claimed that Petitioner's concerns relating to pornography were directed toward the first cases . . . in reality they were even more pronounced relating to the Sexual Abuse Of A Minor case, when the State produced photographic images that had nothing to do with him." *Pet'r's Obj.* at 2. Again Mr. Flanders does not connect the objection to a supposed constitutional violation, or further explain it, and it is not clear whether he is objecting to the Magistrate Judge's finding or to the Superior Court's claim. In any case, the Magistrate Judge wrote that the Superior Court "rightly concluded that regardless of whether there were illegal images on Flanders's computer, Flanders was not deprived of effective assistance of counsel," and that "[a] similar analysis supports the court's conclusion that Flanders's pleas were knowing and voluntary, notwithstanding counsel's concern, expressed to Flanders, that an investigator stated that they had found child pornography images on Flanders's computer." *Recommended Decision* at 20. As Mr. Flanders' objection does not call these conclusions into question, the Court overrules it.

Fourth, Mr. Flanders objects that the Magistrate Judge "also treated the issue of bias as a separate concern, Rec. Dec. p. 20, whereas this justified perception of anti-gay bias directly related to fears the State would seek to use evidence against him even if it was not taken from his computer." *Pet'r's Obj.* at 2. The cited

5

portion of the Recommended Decision simply summarizes the Superior Court's opinion, which concluded that "Flanders failed to demonstrate that anti-gay bias rendered the plea unknowing and involuntary." *Recommended Decision* at 20 (citing *State Court Record* § D.4 at 17). This objection is really directed at the Superior Court's factual determination, and falls far short of satisfying Mr. Flanders' burden to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court overrules the objection.

Fifth, Mr. Flanders objects that "[t]he Recommended Decision also states that there has been no showing what exculpatory evidence concerning the Sexual Abuse Of A Minor case might have been uncovered by some investigation, p. 20, which is belied by the attachment filed in this Court of the Protection From Abuse Affidavit and the statement of the alleged victim." *Pet'r's Obj.* at 3. This objection appears to relate to Mr. Flanders' view, discussed above, that the fact that he was penetrated means he is not guilty of Sexual Abuse of a Minor. As the Court has noted, the Superior Court determined that the criminal charge was "indefensible" based on Mr. Flanders' own statements, and that Mr. Flanders' view that "because he was the penetrated person, he did not engage in a 'sexual act' . . . is wrong." *State Court Record* § D.4 at 17. Mr. Flanders cites no evidence or authority inconsistent with the Superior Court's determinations. The Court overrules the objection.

Having overruled all of Mr. Flanders' objections to the Magistrate Judge's Recommended Decision, the Court issues the following orders:

1. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 13 in Case No. 2:12-cv-00277-JAW and ECF No. 10 in Case No. 2:12-cv-00278-JAW);

2. The Court DENIES relief under 28 U.S.C. § 2254 and DISMISSES the Petitioner's 28 U.S.C. § 2254 Petitions (ECF No. 1 in both cases);

3. The Court ORDERS that no certificate of appealability should issue in the event the Petitioner files a notice of appeal because he has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2013